**IN THE COURT OF APPEALS OF IOWA**

No. 22-0497
Filed July 20, 2022

**IN THE INTEREST OF E.M. and C.M.,**
**Minor Children,**

**K.M., Father,**
　　Appellant.
_____

　　Appeal from the Iowa District Court for Benton County, Cynthia S. Finley, District Associate Judge.

　　A father appeals the termination of his parental rights.　**AFFIRMED.**

　　Jennifer Frese of Kaplan & Frese, LLP, Marshalltown, for appellant father.

　　Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

　　Judith Jennings Hoover, Cedar Rapids, attorney and guardian ad litem for minor children.

　　Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

A father challenges the termination of his parental rights, asserting the grounds for termination have not been established, termination is not in the children's best interests, the court should apply an exception to termination because the children are in a relative's custody, and the State did not make reasonable efforts to reunite him with the children. We affirm.

K.M., father of E.M. and C.M., left the family home in spring 2020 following allegations of sexual abuse. The children remained in the mother's custody and care. In June, each child was adjudicated a child in need of assistance (CINA). Criminal charges were filed, and a no-contact order between the father and the children was entered. The children were formally removed from the father's custody on September 9, and custody remained with the mother under the supervision of the department of human services (DHS).

On August 18, 2021, a jury convicted K.M. of two counts of sexual abuse in the second degree, two counts of lascivious acts with a child, and two counts of assault with intent to commit sexual abuse. All six convictions relate to incidents reported by the children. The court imposed five concurrent sentences and one consecutive sentence, for a total indeterminate prison sentence not to exceed thirty-five years with a mandatory minimum of seventeen-and-a-half years in prison. The father's criminal appeal is still pending.

On September 23, the State filed a petition to terminate the father's parental rights. In a concurrent district court dissolution proceeding, legal custody and physical care of the children were placed with the mother.

Following a February 2022 termination hearing, the juvenile court terminated the father's parental rights under Iowa Code section 232.116(1)(f), (j), and (m) (2021).

We review the termination of parental rights de novo, giving weight to the juvenile court's finding of facts. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). In our review, we consider the three steps outlined in Iowa Code section 232.116: (1) whether the State's evidence supports a ground for termination; (2) whether termination is in the children's best interests; and (3) whether any exceptions to termination apply. *In re M.W.*, 876 N.W.2d 212, 219–20 (Iowa 2016).

*Grounds for termination.* The father challenges each ground for termination—Iowa Code section 232.116(1)(f), (j) and (m). He asserts under paragraph "f" the children were never removed from their parents' custody because the mother still has custody; paragraph "j" cannot be met because there is "a fair likelihood" that his case will be reversed on appeal and he will be released from prison; and he had no notice of termination under paragraph "m" and his case is still on appeal.

"When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). We find termination was proper under section 232.116(1)(j).

The juvenile court may terminate a parent's rights under section 232.116(1)(j) if it finds both:

> (1) The child has been adjudicated [CINA] pursuant to section 232.96 and custody has been transferred from the child's parents for placement pursuant to section 232.102.

(2) The parent has been imprisoned for a crime against the child, the child's sibling, or another child in the household, or the parent has been imprisoned and it is unlikely that the parent will be released from prison for a period of five or more years.

Here, the children have been adjudicated CINA and the court ordered them removed from the father's custody. The father has been sentenced to thirty-five years in prison for crimes against the children. Although his appeal is still pending, he provides no authority to support his argument that paragraph "j" cannot apply until the parent's appeals have been exhausted leading to imprisonment. Nor do we read such a requirement into the statute. Both elements for termination under paragraph "j" have been met.[1]

*Best interests.* In a best-interests analysis, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." Iowa Code § 232.116(2). The father argues because of the divorce decree and no-contact order, termination is unnecessary because the children will be in the same situation whether the court terminates his parental rights or not. He further suggests contact with his extended family is in the children's best interests and can serve as a safety net for them.

The juvenile court found the father was likely to attempt modification of any court orders limiting his contact with the children as soon as he was legally able

---

[1] Even if we found the second element of paragraph "j" had not been met due to the father's pending appeal, we have repeatedly rejected the father's argument regarding paragraph "f." *See In re N.D.*, No. 20-1407, 2021 WL 609067, at *2 (Iowa Ct. App. Feb. 17, 2021) (collecting cases allowing termination of parental rights of noncustodial parent when legal custody is placed with the other parent). The elements required for termination under section 232.116(1)(f) have been met.

and found "the risk of the [father's] extended family obtaining custody rights to the children should a tragedy befall [the mother] is too great." The father has been convicted of sexually abusing the children. Allowing the legal bonds between the father and the children to continue would not be best for the children's safety; nurturing and growth; or their physical, mental and emotional needs. Termination of the father's rights is in the children's best interests.

*Exception to termination.* The father argues because the mother has custody of the children, the court need not terminate his parental rights under Iowa Code section 232.116(3)(a). The exceptions to termination "are permissive, not mandatory." *M.W.*, 876 N.W.2d at 225. Their application is discretionary based on the facts of the case and the best interests of the children. *Id.* The mother— the children's custodian—testified termination of the father's rights is the best thing for her and the children in moving their lives forward. Under these circumstances, we decline to apply an exception to termination under section 232.116(3).

*Reasonable efforts.* The reasonable-efforts requirement is part of the State's proof a child cannot be safely returned to the parent's care. *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) ("[T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination."). "[W]here the elements of termination require reasonable efforts by DHS, the scope of DHS's efforts after removal impacts the burden of proving those elements." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019); *accord C.B.*, 611 N.W.2d at 493. Termination under section 232.116(1)(j) does not include an element implicating the reasonable-efforts requirement. *See In re A.B.*, No. 16-1578, 2016 WL 6902884, at *1 (Iowa Ct. App. Nov. 23, 2016).

We affirm the termination of the father's parental rights.

**AFFIRMED.**